## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

NAOMI FOSTER                                                    PLAINTIFF

v.                                    CIVIL ACTION NO. 4:24-CV-2-JHM

CHERYL MCDANIEL                                                 DEFENDANT

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.   For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Naomi Foster is incarcerated as a convicted prisoner at Daviess County Detention Center (DCDC).  She sues Cheryl McDaniel, a corrections officer at DCDC, in both her official and individual capacities.

Plaintiff makes the following allegations in the complaint:

On or about December 22, 2023 at around 11:15 p.m. [Defendant] McDaniel smacked me excessively hard on the leg to wake me up for head count which violates my 8th [Amendment] right of cruel and unusual punishment an action which was unnecessary since I've been an inmate since July 17, 2023 and no other deputy or inmate has had to use such method.  I feel if not addressed it may cont. No physical contact has been used before that I've witnessed.  I feel like I was targeted.

(DN 1).

### II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the

complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

*See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997),

*overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  In order to survive dismissal

for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

 "[A] district court must (1) view the complaint in the light most favorable to the plaintiff

and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*,

561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89

(2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard

of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural*

*Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to

conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a

claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful

strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. *Official-Capacity Claim*

"Official capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant McDaniel is actually against her employer, Daviess County. A municipality such as Daviess County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). In the instant case, Plaintiff does not allege that any constitutional violation occurred pursuant to a policy or custom of Daviess County. Thus, Plaintiff's official-capacity claim must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claim

The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Whether [a defendant's] alleged conduct constitute[s] excessive force in violation of the Eighth Amendment depends on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id*. (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Relevant factors in this analysis include "the extent of the injury suffered by the inmate" and "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *United States v. Bunke*, 412 F. App'x 760, 765 (6th Cir. 2011) (quotes and citations omitted). A plaintiff need not establish a "significant injury" to prove an excessive force violation. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). The *Wilkins* court, however, cautioned that the extent of the injury is still meaningful in the analysis:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. [*Hudson*, 503 U.S. at 7]. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." *Id*. (quoting *Whitley*, [475 U.S.] at 321). The extent of injury may also provide some indication of the amount of force applied. As we stated in *Hudson*, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id*. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id*. at 9-10 (some internal quotation marks omitted). An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. *Id*. at 9 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973)).

*Id*.

4

Here, Plaintiff's allegations show nothing more than a *de minimus* use of force and no injury.   Thus, Plaintiff's individual-capacity claim against Defendant McDaniel must also be dismissed for failure to state a claim upon which relief may be granted.

## III.

The Court will enter a separate Order dismissing this action for the reasons set forth above.

Date:  March 28, 2024

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:      Plaintiff, *pro se*
4414.011